UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DOUGLAS LONGHINI,

    Plaintiff,

v.

TROPICAIRE DEVELOPMENT, INC.,
ISABELA ENTERPRISE CORP. d/b/a
CAYO ESQUIVEL and BEST BUY
STORES, L.P. d/b/a BEST BUY STORES
553,

    Defendant.
_____/

## COMPLAINT

Plaintiff, DOUGLAS LONGHINI, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues TROPICAIRE DEVELOPMENT, INC., ISABELA ENTERPRISE CORP. d/b/a CAYO ESQUIVEL and BEST BUY STORES, L.P. d/b/a BEST BUY STORES 553 (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

1. This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. Plaintiff, DOUGLAS LONGHINI, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris*.

1

4.     At all times material, Defendant, TROPICAIRE DEVELOPMENT, INC., owned and operated a commercial property and shopping center located at 7725 SW 40 Street, Miami, Florida 33155 (hereinafter the "commercial property") and conducted a substantial amount of business in that place of public accommodation in Miami, Florida.

5.     At all times material, Defendant, TROPICAIRE DEVELOPMENT, INC, was and is a Florida for profit corporation which is registered to conduct business in the State of Florida and has the principal place of business listed in this Complaint in Miami, Florida.

6.     At all times material, Defendant, ISABELA ENTERPRISE CORP. d/b/a CAYO ESQUIVEL, owned and operated a commercial restaurant at 7725 SW 40 Street, Miami, Florida 33155 (hereinafter the "commercial property"), which is located within its landlord, Co-Defendant TROPICAIRE DEVELOPMENT, INC.'s, commercial property, and conducted a substantial amount of business in that place of public accommodation in Miami, Florida.

7.     At all times material, Defendant, ISABELA ENTERPRISE CORP. d/b/a CAYO ESQUIVEL, was and is a Florida for profit corporation which is registered to conduct business in the State of Florida and has the principal place of business listed in this Complaint in Miami, Florida.

8.     At all times material, Defendant, BEST BUY STORES, L.P. d/b/a BEST BUY STORES 553, owned and operated a commercial store at 7751 SW 40 Street, Miami, Florida 33155 (hereinafter the "commercial property"), which is located within its landlord, Co-Defendant TROPICAIRE DEVELOPMENT, INC.'s, commercial property, and conducted a substantial amount of business in that place of public accommodation in Miami, Florida.

9.     At all times material, Defendant, BEST BUY STORES, L.P. d/b/a BEST BUY STORES 553, was and is a foreign for profit limited partnership which is registered to conduct

business in the State of Florida and has the principal place of business listed in this Complaint in Miami, Florida.

10. Venue is properly located in the Southern District of Florida because Defendant's commercial property, and restaurant and bar, and commercial store are all located in Miami-Dade County, Florida; Defendant regularly conduct business within Miami-Dade County, Florida; and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

11. Although over thirty-two (32) years has passed since the effective date of Title III of the ADA, Defendant has yet to make its/their facilities accessible to individuals with disabilities.

12. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant has continued to discriminate against people who is disabled in ways that block them from access and use of Defendant's property and the businesses therein.

13. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

14. Plaintiff, DOUGLAS LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff uses a wheelchair to ambulate. Plaintiff, DOUGLAS LONGHINI, has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

15. Defendant/landlord, TROPICAIRE DEVELOPMENT, INC, owns, operates and/or oversees the commercial property, to include its general parking lot and parking spots specific to the restaurant and bar business operating within the commercial property and all other common areas open to the public located within the commercial property.

16. Defendant, ISABELA ENTERPRISE CORP. d/b/a CAYO ESQUIVEL, owns, operates and oversees the commercial restaurant and bar within the subject commercial property, to include the entrance and interior to its commercial restaurant business therein and all other interior pathway and aisles, and access to commercial goods and services, which are open to the public located within the commercial property.

17. Defendant, BEST BUY STORES, L.P. d/b/a BEST BUY STORES 553, owns, operates and oversees the commercial store within the subject commercial property, to include the entrance and interior to its services, and restroom areas, which are open to the public located within the commercial property.

18. The subject commercial shopping plaza property, restaurant and bar and store are all open to the public and is located in Miami-Dade County, Florida. The individual Plaintiff visits the commercial shopping plaza property, restaurant and bar and store regularly, to include a visit to the commercial property and business located within the commercial property on July 29, 2024 and August 23, 2024, and encountered multiple violations of the ADA on each visit that directly affected his ability to use and enjoy the commercial property.  He often visits the commercial property and the restaurant and bar and store located within the commercial property in order to avail himself of the goods and services offered there, and because it is approximately seven and a half (7.5) miles from his residence (about 23 minutes) and is near other businesses he frequents as a patron.  He plans to return to the commercial property and restaurant within two (2) months from

the date of the filing of this Complaint.

19. The Plaintiff, DOUGLAS LONGHINI, found the commercial property itself and commercial restaurant and bar, and commercial store business located within the commercial property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the commercial property and commercial restaurant business located within the commercial property and wishes to continue his patronage and use of the premises.

20. The Plaintiff, DOUGLAS LONGHINI, has encountered architectural barriers that are in violation of the ADA at the subject places of public accommodation. The barriers to access at Defendant's commercial property, commercial restaurant and bar business and commercial store have each denied or diminished Plaintiff's ability to visit these places of public accommodation and have endangered his safety in violation of the ADA. The barriers to access, which is set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DOUGLAS LONGHINI, and others similarly situated.

21. Defendant, TROPICAIRE DEVELOPMENT, INC, owns and operates a commercial property and shopping plaza which is a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, TROPICAIRE DEVELOPMENT, INC, is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, TROPICAIRE DEVELOPMENT, INC, owns and operates is the commercial property and/or businesses located at 7725 SW 40 Street, Miami, Florida 33155.

22. Defendant, ISABELA ENTERPRISE CORP. d/b/a CAYO ESQUIVEL, owns and operates a commercial restaurant which is a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, ISABELA

ENTERPRISE CORP. d/b/a CAYO ESQUIVEL, is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, ISABELA ENTERPRISE CORP. d/b/a CAYO ESQUIVEL, owns and operates within the commercial property is the commercial restaurant business located at 7725 SW 40 Street, Miami, Florida 33155.

23. Defendant, BEST BUY STORES, L.P. d/b/a BEST BUY STORES 553, owns and operates a commercial restaurant which is a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, BEST BUY STORES, L.P. d/b/a BEST BUY STORES 553, is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, BEST BUY STORES, L.P. d/b/a BEST BUY STORES 553, owns and operates within the commercial property is the commercial restaurant business located at 7751 SW 40 Street, Miami, Florida 33155.

24. Defendant/Landlord, TROPICAIRE DEVELOPMENT, INC, as owner of the commercial property and Co-Defendants/tenants, ISABELA ENTERPRISE CORP. d/b/a CAYO ESQUIVEL and BEST BUY STORES, L.P. d/b/a BEST BUY STORES 553, as owner of the commercial restaurant and commercial store businesses within the commercial property, is together jointly and severally liable for all ADA violations listed in this Complaint.

25. Plaintiff, DOUGLAS LONGHINI, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described commercial shopping plaza property, commercial restaurant and bar, and commercial store including but not necessarily limited to the allegations of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the commercial property and commercial restaurant and bar, and commercial store, in violation of the ADA. Plaintiff desires to visit the commercial property, restaurant and bar and commercial store

businesses located therein, not only to avail himself of the goods and services available at these businesses, but to assure himself that the commercial property and restaurant business are in compliance with the ADA, so that he and others similarly situated will has full and equal enjoyment of the commercial property without fear of discrimination.

26. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the commercial property and restaurant and bar business within the commercial property, as prohibited by 42 U.S.C. § 12182 et seq.

### COUNT I – COMMON AREA ADA VIOLATIONS BY DEFENDANT/LANDLORD, TROPICAIRE DEVELOPMENT, INC

27. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 26 above as though fully set forth herein.

28. Defendant, TROPICAIRE DEVELOPMENT, INC, has discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to has accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial property, include but is not limited to, the following:

A. Entrance Access and Path of Travel

i. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible.

    Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

iii. The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are vertical changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff had difficulty using some of the curb ramps, as the slopes are excessive. Violation: There are curb ramps at the facility that contain excessive slopes, violating Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The Plaintiff had difficulty traversing the path of travel, as there are cross slopes more than 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

### COUNT II – COMMON AREA ADA VIOLATIONS BY DEFENDANT/LANDLORD, TROPICAIRE DEVELOPMENT, INC AND DEFENDANT/TENANT, ISABELA ENTERPRISE CORP. D/B/A CAYO ESQUIVEL

29. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 26 above as though fully set forth herein.

30. Defendants, TROPICAIRE DEVELOPMENT, INC and ISABELA ENTERPRISE CORP. d/b/a CAYO ESQUIVEL have together discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to has accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of

$500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial property, include but is not limited to, the following:

A.    <u>Entrance Access and Path of Travel</u>

i.    The Plaintiff had difficulty entering the restaurant without assistance, as the required maneuvering clearance is not provided. Violation: The entrance doors do not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B.    <u>Access to Goods and Services</u>

i.    The Plaintiff could not utilize the bar counter, as it is mounted too high. Violation: There are bar counters that are not at the prescribed height, violating Section 4.32.4 and 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT III – COMMON AREA ADA VIOLATIONS BY DEFENDANT/LANDLORD, TROPICAIRE DEVELOPMENT, INC AND DEFENDANT/TENANT, BEST BUY STORES, L.P. d/b/a BEST BUY STORES 553**

31.    The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 26 above as though fully set forth herein.

32.    Defendants, TROPICAIRE DEVELOPMENT, INC and BEST BUY STORES, L.P. d/b/a BEST BUY STORES 553 have together discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to has accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial property, include but is not limited to, the following:

A.    <u>Public Restrooms</u>

i. The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing. Violation: The accessible toilet compartment door does not provide the features that comply with Sections 4.17.5 of the ADAAG and Section 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff could not use the lavatory without assistance, as it is mounted too high. Violation: There are lavatories in public restrooms with the counter surface mounted too high, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Section 606.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructed the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet in the accessible toilet compartment is mounted at a non-compliant distance from the wall in violation of Section 4.17.3 and Figure 30(a) of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

33. The discriminatory violations described in this Complaint is not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further

requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, DOUGLAS LONGHINI, from further ingress, use, and equal enjoyment of the commercial place of public accommodation and restaurant and bar; Plaintiff requests the opportunity to be physically present at such inspection in conjunction with Rule 34 and timely notice.  A Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein is readily achievable.

34. The Plaintiff, and all other individuals similarly situated, has been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' commercial shopping plaza property, commercial restaurant and bar business and commercial store business within the property; and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the isas of non-compliance with the Americans with Disabilities Act. Plaintiff further requests a remediation plan and the opportunity to participate in the crafting of the remediation plan in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

35. Defendants have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation and/or commercial shopping plaza property, commercial restaurant and bar business and commercial store business, in violation of

11

42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Defendants have also discriminated against Plaintiff in violation of 42 U.S.C. § 12131 et seq. and 28 C.F.R. Part 35 et seq. for excluding Plaintiff by reason of disability from participation in and denying him benefits of the services, programs, or activities of a public entity. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications is necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

36. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

37. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the isas of non-compliance with the Americans with Disabilities Act.

38. Notice to each and/or any Defendant is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or

fewer employees and gross receipts of $500,000 or less). All other conditions precedent has been met by the Plaintiff or waived by each Defendant.

39. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to alter the property where Defendants operate their businesses, to include the commercial shopping plaza property, and the commercial restaurant and bar business and commercial store business each located within the commercial property located at 7725 SW 40 Street, Miami, Florida 33155, including the interiors, exterior areas, and the common exterior areas of the commercial property to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure their violations of the ADA.

WHEREFORE, the Plaintiff, DOUGLAS LONGHINI, respectfully requests that this Honorable Court issue (i) Injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require both Defendants to make reasonable modifications in policies, practices or procedures, when such modifications is necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (ii) an award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: September 16, 2024

**ANTHONY J. PEREZ LAW GROUP, PLLC**
*Attorneys for Plaintiff*
7950 W. Flagler Street, Suite 104
Miami, Florida 33144
Telephone: (786) 361-9909
Facsimile: (786) 687-0445
Primary E-Mail: ajp@ajperezlawgroup.com
Secondary E-Mails: jr@ajperezlawgroup.com


By: __/s/ Anthony J. Perez_____
    ANTHONY J. PEREZ
    Florida Bar No.: 535451